IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
    relator

v.

Third Court of Appeals of Texas,
    Respondent

Cause No.

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 26 2015

Abel Acosta, Clerk

## MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas, Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction, on direct appeal.

2. There exists a ministerial act to be compelled, where respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

### PRAYER FOR RELIEF

Wherefore, premesis considered, relator, charles Bunton, respectfully requests Court to Grant Motion for Leave to file Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton - relator

ORIGINAL COPY

IN THE 299TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TEXAS

NO. 9024242    THE STATE OF TEXAS VS.    CHARLES BUNTON

**JUDGMENT ON JURY VERDICT OF GUILTY**
**PUNISHMENT FIXED BY COURT OR JURY - NO PROBATION GRANTED**

Judge Presiding: JON WISSER

Date of Judgment: DECEMBER 4, 2002

Attorney for State: JOE MAIDA

Attorney for Defendant: RAY KOHLER

Offense Convicted of: EVADING ARREST OR DETENTION WITH A VEHICLE

Degree: THIRD DEGREE

Date Offense Committed: JANUARY 11, 2002

Charging Instrument: INDICTMENT    Plea: Not Guilty
Jury Verdict: Guilty              Foreperson: KENNON SIMMONS

Plea to Enhancement Paragraph(s): NOT TRUE
Findings on Enhancement Paragraphs: TRUE
Findings on Use of a Deadly Weapon: YES, THEREUPON THE STATE FOUND
THAT A DEADLY WEAPON: TO-WIT: A VEHICLE WAS USED BY THE DEFENDANT
DURING THE COMMISSION OF SAID OFFENSE

Punishment Assessed by: Jury

Date Sentence Imposed: DECEMBER 4, 2002    Costs: $233.00

Punishment and Place of Confinement: THIRTY(30) YEARS in the Texas
Department of Criminal Justice Institutional Division.
Date to Commence: DECEMBER 4, 2002

Time Credited: FROM MARCH 21, 2002 TO DECEMBER 4, 2002

Total Amount of Restitution/Reparation: $0.00
        Name:

Address:
City/State:

Concurrent Unless Otherwise Specified.
Notice of Appeal: <u>YES</u> __

VELVA L. PRICE, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on _____

VELVA L. PRICE
DISTRICT CLERK

By Deputy



I, VELVA L. PRICE, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on _____

VELVA L. PRICE

DISTRICT CLERK

By Deputy:



NO. _____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order if entered, without subject-matter jurisdiction, on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third degree felony conviction was wrongly affirmed as a state jail felony conviction on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment and Sentence, Art. 42.01, Sec.1 Subsec.14 states "the sentence served shall be based on the information contained in the judgment. The judgment shall reflect: The... degree of offense for which the defendant was convicted." The trial court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order (mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of the Trial Court's judgment and sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY judgment and order (mandate) is evidenced in it's published OPINION — see BUNTON v. STATE, 136 S.W.3d 355 (Tex. App.—Austin 2004), as Exhibit B.

## II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent entered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "Mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex App.—Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise." State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex. Crim. App. 1985). Relator has demonstrated that the act sought to be compelled—the vacation of a void judgment—is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order" — an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order—mandate—that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed," Order entered without jurisdiction is void, and writ of mandamus may issue to compell it's vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order", thus a void one. "Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the Court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence — which derived from the JUDGMENT ON JURY VERDICT OF GUILTY — from the trial court, during the guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case did not confer subject matter jurisdiction on the appellate court — on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order — the mandate, which derived or breathed life or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief.

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a motor vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial", citing CALTON V. STATE, 176 S.W.3d 231 (Tex.Crim. App. 2005); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. x Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015. x Charles Bunton

RELATOR

ORIGINAL COPY 5 OF 5

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
relator

v.

Third Court of Appeals of Texas,
Respondent

Cause No. _____

---

MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas,
Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed, without subject-matter jurisdiction, on direct appeal.

2. There exists a ministerial act to be compelled, where respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

## PRAYER FOR RELIEF

Wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for Leave to File Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton-relator

1ST COPY 1 OF 11

NO. _____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order it entered, without subject-matter jurisdiction, on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON Appellant v. The STATE of Texas, Appellee, in which relator's third degree felony conviction was wrongly affirmed as a state jail felony conviction on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment and Sentence, Art. 42.01, Sec.1 Subsec. 14 states "the sentence served shall be based on information contained in the judgment. The judgment shall reflect: The... degree of offense for which the defendant was convicted." The trial court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order (mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

COPY #1 — 1 OF 5

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of the Trial Court's judgment and sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY judgment and order (mandate) is evidenced in it's published OPINION — See BUNTON v. STATE, 136 S.W.3d 355 (Tex. App. — Austin 2004), as Exhibit B.

## II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in Cause No. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex. App.—Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise." State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex. Crim. App. 1985). Relator has demonstrated that the act sought to be compelled — the vacation of a void judgment — is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order" — an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order — mandate — that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed, "Order entered without jurisdiction is void, and writ of mandamus may issue to compel it's vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order", thus a void one. "Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence — which derived from the JUDGMENT ON JURY VERDICT OF GUILTY — from the trial court, during the guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: Judgment entered on May 13, 2004, in cause no. 03-03-00017-cr is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order—the mandate, which derived or breathed life or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief.

III.
The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a Motor Vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON V. STATE, 176 S.W.3d 231 (Tex. Crim. App. 2005); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. X Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015. X Charles Bunton

RELATOR

COPY #1 — 5 OF 5

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
    relator

v.

Third Court of Appeals of Texas,
    Respondent

Cause No. _____

## MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas, Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

### PRAYER FOR RELIEF

Wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for leave to File Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton - relator

NO. _____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

IN THE COURT OF CRIMINAL APPEALS OF
THE STATE OF TEXAS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order it entered, without subject-matter jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third degree felony conviction was wrongly affirmed as a state jail felony conviction, on direct appeal. In support of this application, relator shows the Court the following:

I.
In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment and Sentence, Art. 42.01, Sec.1 Subsec. 14 states, "The sentence served shall be based on the information contained in the judgment. The judgment shall reflect: The... degree of offense for which the defendant was convicted."
The Trial Court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order (mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of the Trial Court's judgment and Sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY judgment and order (mandate) is evidenced in it's published OPINION — See BUNTON V. STATE, 136 S.W.3d 355 (TEX.APP. — Austin 2004), as Exhibit B.

## II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "Mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex.App.-Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compell a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise." State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex.Crim.App. 1985). Relator has demonstrated that the act sought to be compelled — the vacation of a void judgment — is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order"—an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order—mandate—that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed, "Order entered without jurisdiction is void, and writ of mandamus may issue to compell it's vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order," thus a void one." Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence—which derived from the JUDGMENT ON JURY VERDICT OF GUILTY—from the trial court, during the guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: "Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs." Relator further asserts that "prosecutorial reasoning and legal strategy of the case did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order — the mandate, which derived or breathed life or spawned from the void judgment wrongly entered in this case. The Court should find that relator is entitled to requested and desired mandamus relief.

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a Motor Vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W.3d 231 (Tex. Crim. App. 2005); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. X Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015. X Charles Bunton

RELATOR

COPY #2 — 5 OF 5

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
    relator

v.

Third Court of Appeals of Texas,
    Respondent

Cause No. _____

---

MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas,
Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

PRAYER FOR RELIEF

Wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for Leave to File Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton - relator

3rd COPY 3 OF 11

No. _____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order it entered, without subject-matter jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third-degree felony conviction was wrongly affirmed as a state jail felony conviction on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment and Sentence, Art. 42.01, Sec. 1 Subsec. 14 states, "The sentence served shall be based on the information contained in the judgment. The judgment shall reflect: The...degree of offense for which the defendant was convicted."
The Trial Court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order(mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

COPY #3 — 1 OF 5

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of the Trial Court's judgment and sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY judgment and order (mandate) is evidenced in it's published OPINION — see BUNTON v. STATE, 136 S.W.3d 355 (Tex. App.—Austin 2004), as Exhibit B.

## II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "Mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex. App.—Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "Mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise." State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex Crim. App. 1985). Relator has demonstrated that the act sought to be compelled—the vacation of a void judgment —is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order"—an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order—mandate—that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed, "Order entered without jurisdiction is void, and writ of mandamus may issue to compel it's vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order," thus a void one. "Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence—which derived from the JUDGMENT ON JURY VERDICT OF GUILTY—from the trial court, during the guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: "Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs." Relator further asserts that "prosecutorial reasoning and legal strategy of the case did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order—the mandate, which derived or breathed life or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief.

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a motor vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W.3d 231 (Tex.Crim.App.2005); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading - x Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015. x Charles Bunton

RELATOR

COPY #3 - 5 OF 5

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
    relator

v.

Third Court of Appeals of Texas,
    Respondent

Cause No. _____

---

## MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas, Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction ~~to do so~~ on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order if entered without subject-matter jurisdiction to do so.

## PRAYER FOR RELIEF

Wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant motion for leave to file Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton - relator

No. _____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

} IN THE COURT OF CRIMINAL APPEALS OF
THE STATE OF TEXAS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:
Comes now Charles Bunton, relator, and files this application for writ of
mandamus directing the Third Court of Appeals of Texas, respondent, to
vacate both a void judgment and void order it entered, without subject matter
jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled
Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third-
degree felony conviction was wrongly affirmed as a state jail felony conviction
on direct appeal. In support of this application, relator shows the Court
the following:

I.
In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment
and Sentence, Art. 42.01, sec.1, subsec.14 states, "the sentence served shall be based
on the information contained in the judgment. The judgment shall reflect:
The..., degree of offense for which the defendant was convicted."
The Trial Court's judgment and sentence is for a third degree felony. Respondent's
judgment is void because respondent rendered a judgment and order (mandate)
and did not have jurisdiction over the subject matter concerning state jail
felonies, that is, the respondent did not have power to hear and determine

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of the Trial Court's judgment and Sentence reflecting a THIRD DEGREE FELONY is attatched as Exhibit A. Respondent's STATE JAIL FELONY Judgment and Order (mandate) is evidenced in it's published OPINION - see BUNTON V. STATE, 136 S.W.3d 355 (Tex. App. - Austin 2004), as Exhibit B.

## II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex. App. - Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise." State ex rel. Millsap V. Lozano, 692 S.W.2d 470 (Tex. Crim. App. 1985). Relator has demonstrated that the act sought to be compelled - the vacation of a void judgment - is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order" – an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order – mandate – that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed, "Order entered without jurisdiction is void, and writ of mandamus may issue to compell its vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order," thus a void one. "Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence – which derived from the JUDGMENT ON JURY VERDICT OF GUILTY – from the trial court, during the guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: "Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order—the mandate, which derived or breathed life or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief.

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a motor Vehicle, arguing that " the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W. 3d 231 (Tex. Crim. App. 2005); Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 C. Ed. 2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. X Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015. X Charles Bunton

RELATOR

COPY #4 — 5 OF 5

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
   relator

v.

Third Court of Appeals of Texas
   Respondent

Cause No. _____

---

MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas,
Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction ~~to do so~~ on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order it entered without subject matter jurisdiction to do so.

## PRAYER FOR RELIEF

Wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for Leave to file Application for writ of mandamus.

Respectfully Submitted,
Charles Bunton-relator

5th COPY 5 OF 11

NO. _____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order it entered, without subject matter jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third-degree felony conviction was wrongly affirmed as a state jail felony conviction on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42, Judgment and Sentence, Art. 42.01, Sec.1, subsec. 14 states, "the sentence served shall be based on the information contained in the judgment. The judgment shall reflect: The... degree of offense for which the defendant was convicted."

The Trial Court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order (mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

a state jail felony, did not have ~~the~~ power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of the Trial Court's judgment and sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY Judgment and Order (mandate) is evidenced in it's published OPINION—see BUNTON V. STATE, 136 S.W.3d 355 (Tex. App.-Austin 2004), as Exhibit B.

## II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex. App.-Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise." State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex. Crim. App. 1985). Relator has demonstrated that the act sought to be compelled—the vacation of a void judgment—is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order"—an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order—mandate—that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed, "Order entered without jurisdiction is void, and writ of mandamus may issue to compell it's vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist, 885 S.W.2d 389 (Tex.Crim.App.1994). The mandate in this case is an "order", thus a void one. "Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d1 (Tex.Crim.App.1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex.Crim.App.2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below, "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex.Crim.App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence—which derived from the JUDGMENT ON JURY VERDICT OF GUILTY—from the trial court, during the guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: "Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case did not confer subject matter jurisdiction on the appellate court—on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order — the mandate, which derived or breathed life or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief.

## III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under P.C. 38.04 for 3rd Degree Felony Evading Arrest with a Motor Vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W. 3d 231 (Tex. Crim. App. 2005); Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed. 2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. X Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015. X Charles Bunton

RELATOR

COPY #5 — 5 OF 5

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
    relator

v.

Third Court of Appeals of Texas,
       Respondent

Cause No. _____

---

## MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas, Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction ~~to do so~~ on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

### PRAYER FOR RELIEF

Wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for Leave to file Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton-relator

NO. _____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

IN THE COURT OF CRIMINAL APPEALS OF
THE STATE OF TEXAS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order it entered, without subject matter jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third-degree felony conviction was wrongly affirmed as a state jail felony conviction on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment and Sentence, Art. 42.01, Sec. 1, Subsec. 14 states," the sentence served shall be based on the information contained in the judgment. The judgment shall reflect : The ... degree of offense for which the defendant was convicted."

The trial court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order (mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

COPY #6 — 1 OF 5

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of the Trial Court's judgment and sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY Judgment and Order (mandate) is evidenced in it's published OPINION - see BUNTON V. STATE, 136 S.W.3d 355 (Tex. App. - Austin 2004), as Exhibit B.

II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "Mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex. App. - Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise." State ex rel. Millsap V. Lozano, 692 S.W.2d 470 (Tex. Crim. App. 1985). Relator has demonstrated that the act sought to be compelled - the vacation of a void judgment - is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order"—an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order — mandate — that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed," Order entered without jurisdiction is void, and writ of mandamus may issue to compell it's vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order", thus a void one. "Writ of mandamus will issue to nullify a void order," State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the " prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence — which derived from the JUDGMENT ON JURY VERDICT OF GUILTY — from the trial court, during the guilt /

COPY #6 — 3 OF 5

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: "Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case" did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order—the mandate, which derived or breathed life or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief.

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in Cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a Motor Vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W.3d 231 (Tex.Crim.App.2005); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. x Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015. x Charles Bunton

RELATOR

COPY #6 — 5 OF 5

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
    relator

v.

Third Court of Appeals of Texas,
    Respondent

Cause No. _____

---

MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of The Court of Criminal Appeals of Texas,
Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction ~~to do so~~ on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

PRAYER FOR RELIEF

wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for leave to file Application for writ of Mandamus.

Respectfully Submitted,
Charles Bunton - relator

NO._____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

IN THE COURT OF CRIMINAL APPEALS OF
THE STATE OF TEXAS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of
mandamus directing the Third Court of Appeals of Texas, respondent, to
vacate both a void judgment and void order it entered, without subject matter
jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled
Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third-
degree felony conviction was wrongly affirmed as a state jail felony conviction
on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment
and sentence, Art. 42.01, Sec. 1, Subsec. 14 states, "the sentence served shall be
based on the information contained in the judgment. The judgment shall reflect:
The... degree of offense for which the defendant was convicted."

The Trial Court's judgment and sentence is for a third degree felony. Respondent's
judgment is void because respondent rendered a judgment and order (mandate)
and did not have jurisdiction over the subject matter concerning state jail
felonies, that is, the respondent did not have power to hear and determine

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of Trial Court's judgment and sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY Judgment and Order (mandate) is evidenced in it's published OPINION — see BUNTON v. STATE, 136 S.W.3d 355 (Tex. App.-Austin 2004), as Exhibit B.

## II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "Mandamus relief is proper if a court acts without subject-matter jurisdiction," In re Lewin, 149 S.W.3d 727 (Tex. App.-Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or decree, or otherwise." State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex. Crim. App. 1985). Relator has demonstrated that the act sought to be compelled — the vacation of a void judgment — is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order"—an act of the respondents that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order—mandate—that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed,"Order entered without jurisdiction is void, and writ of mandamus may issue to compell its vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order", thus a void one."Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W. 3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W. 2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence—which derived from the JUDGMENT ON JURY VERDICT OF GUILTY—from the trial court, during the guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: "Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case" did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order—the mandate, which derived, or breathed life, or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief,

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under P.C. 38.04 for 3rd Degree Felony Evading Arrest with a Motor Vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the state failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W.3d 231 (Tex. Crim. App. 2005); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. x Charles Bunton, relator.

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015.        x Charles Bunton

RELATOR

COPY #7 - 5 OF 5

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
        relator

v.

Third Court of Appeals of Texas,
        Respondent

Cause No. _____

---

MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas,
Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction ~~to do so~~ on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

### PRAYER FOR RELIEF

wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for Leave to file Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton - relator

NO. _____

Charles Bunton,
Relator,

V.

Third Court of Appeals of Texas

Respondent

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order it entered, without subject matter jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third-degree felony conviction was wrongly affirmed as a state jail felony conviction on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment and Sentence, Art. 42.01, Sec. 1, Subsec. 14 states," the sentence served shall be based on information contained in the judgment. The judgment shall reflect: The... degree of offense for which the defendant was convicted."

The Trial Court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order (mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of Trial Court's judgment and sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY Judgment and Order (mandate) is evidenced in it's published OPINION—see BUNTON V. STATE, 136 S.W.3d 355 (Tex. App.—Austin 2004), as Exhibit B.

II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "Mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex. App.—Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or decree, or otherwise." State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex. Crim. App. 1985). Relator has demonstrated that the act sought to be compelled—the vacation of a void judgment—is purely ministerial

COPY #8 — 2 OF 5

and relator has no other adequate legal remedy. The mandate is an "order" - an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order - mandate - that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed, "order entered without jurisdiction is void, and writ of mandamus may issue to compell it's vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order", thus a void one. "Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W. 3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W. 2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence - which derived from the JUDGMENT ON JURY VERDICT OF GUILTY - from the trial court, during the guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue:" Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case" did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order —the mandate, which derived, or breathed life, or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief,

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a Motor Vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the state failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W. 3d 231 (Tex.Crim.App. 2005); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 161 L.Ed. 2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. X Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015.

X Charles Bunton

RELATOR

COPY #8 — 5 OF 5

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
    relator

v.

Third Court of Appeals of Texas,
    Respondent

Cause No. _____

---

## MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas,

Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction ~~to do so~~ on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

### PRAYER FOR RELIEF

wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for Leave to File Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton -relator

NO._____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas.
Respondent

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order it entered, without subject matter jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third-degree felony conviction was wrongly affirmed as a state jail felony conviction on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment and Sentence, Art. 42.01, Sec. 1, Subsec. 14 states, "the sentence served shall be based on information contained in the judgment. The judgment shall reflect: The... degree of offense for which the defendant was convicted."

The Trial Court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order (mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

COPY #9 - 1 OF 5

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of Trial Court's judgment and sentence reflecting a THIRD DEGREE FELONY is attatched as Exhibit A. Respondent's STATE JAIL FELONY Judgment and Order (mandate) is evidenced in it's published OPINION — see BUNTON v. STATE, 136 S.W.3d 355 (Tex. App.—Austin 2004), as Exhibit B.

II.

The respondent's failure to vacate its void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to ~~eesibme~~ hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "Mandamus relief is proper if a court acts without subject-matter jurisdiction," In re Lewin, 149 S.W.3d 727 (Tex. App.—Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise," State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex. Crim. App. 1985). Relator has demonstrated that the act sought to be compelled - the vacation of a void judgment - is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order"—an act of the respondents that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order-mandate-that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed, "Order entered without jurisdiction is void, and writ of mandamus may issue to compel it's vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order", thus a void one. "Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence—which derived from the JUDGMENT ON JURY VERDICT OF GUILTY—from the trial court, during guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: "Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case" did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order—the mandate, which derived or breathed life, or spawned from the void judgment wrongly entered in this case, This Court should find that relator is entitled to requested and desired mandamus relief.

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a Motor Vehicle, arguing that " the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W.3d 231 (Tex. Crim. App. 2005); Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. X Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st day of October 2015. X Charles Bunton

RELATOR

COPY #9 — 5 OF 5

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
    relator

v.

Third Court of Appeals of Texas,
    Respondent

Cause No. _____

---

MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas,
Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

### PRAYER FOR RELIEF

Wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for Leave to file Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton-relator

NO. _____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

IN THE COURT OF CRIMINAL APPEALS OF
THE STATE OF TEXAS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order it entered, without subject matter jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third-degree felony conviction was wrongly affirmed as a state jail felony conviction on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment and Sentence, Art. 42.01, Sec. 1, Subsec. 14 states," the sentence served shall be based on information contained in the judgment. The judgment shall reflect: The... degree of offense for which the defendant was convicted."

The Trial Court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order (mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of Trial Court's judgment and Sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY Judgment and Order (mandate) is evidenced in it's published OPINION—See BUNTON V. STATE, 136 S.W.3d 355 (Tex. App.—Austin 2004), as Exhibit B.

II.

The respondent's failure to vacate its void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies; that is, the respondent did not have power to ~~convict~~ hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "Mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex. App.—Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise." State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex. Crim. App. 1985). Relator has demonstrated that the act sought to be compelled—the vacation of a void judgment—is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order" – an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order – mandate – that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed, "Order entered without jurisdiction is void, and writ of mandamus may issue to compell it's vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order", thus a void one. "Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence – which derived from the JUDGMENT ON JURY VERDICT OF GUILTY – from the trial court, during guilt /

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case."

Relator reiterates that this is the source of the void judgment at issue: "Judgment entered on May 13, 2004, in cause no. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case" did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order—the mandate, which derived or breathed life, or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief.

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a Motor Vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W.3d 231 (Tex.Crim.App.2005); Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. x Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st day of October 2015. x Charles Bunton

RELATOR

COPY #10 — 5 OF 5

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Charles Bunton,
relator

V.

Third Court of Appeals of Texas,
Respondent

Cause No. _____

---

MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judges of the Court of Criminal Appeals of Texas, Relator would show the Court the following:

1. No adequate remedy at law exists from a void judgment and void order entered by Respondent, where relator's conviction was wrongly affirmed without subject-matter jurisdiction on direct appeal.

2. There exists a ministerial act to be compelled, where Respondent has a ministerial duty to vacate both void judgment and void order it entered without subject-matter jurisdiction to do so.

## PRAYER FOR RELIEF

Wherefore, premesis considered, relator, Charles Bunton, respectfully requests Court to Grant Motion for Leave to file Application for Writ of Mandamus.

Respectfully Submitted,
Charles Bunton-relator

NO. _____

Charles Bunton,
Relator,

v.

Third Court of Appeals of Texas
Respondent

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Charles Bunton, relator, and files this application for writ of mandamus directing the Third Court of Appeals of Texas, respondent, to vacate both a void judgment and void order it entered, without subject matter jurisdiction on May 13, 2004, in cause no. 03-03-00017-CR, styled Charles BUNTON, Appellant v. The STATE of Texas, Appellee, in which relator's third - degree felony conviction was wrongly affirmed as a state jail felony conviction on direct appeal. In support of this application, relator shows the Court the following:

I.

In accordance with Texas Code of Criminal Procedure, Chapter 42. Judgment and Sentence, Art. 42.01, Sec. 1, Subsec. 14 states, "the sentence served shall be based on information contained in the judgment. The judgment shall reflect: The . . . degree of offense for which the defendant was convicted."

The Trial Court's judgment and sentence is for a third degree felony. Respondent's judgment is void because respondent rendered a judgment and order (mandate) and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine

COPY #11 — 1 OF 5

a state jail felony, did not have power to hear and determine a case of the state jail felony class to which respondent's particular judgment belongs. A certified copy of trial court's judgment and sentence reflecting a THIRD DEGREE FELONY is attached as Exhibit A. Respondent's STATE JAIL FELONY Judgment and Order (mandate) is evidenced in it's published OPINION — See BUNTON v. STATE, 136 S.W.3d 355 (Tex.App. — Austin 2004), as Exhibit B.

## II.

The respondent's failure to vacate it's void judgment as herein requested by relator is a failure to perform a ministerial duty, under the facts of this case, because judgment entered on May 13, 2004 in cause no. 03-03-00017-CR was void when entered because Respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs. Respondent has agreed that "mandamus relief is proper if a court acts without subject-matter jurisdiction." In re Lewin, 149 S.W.3d 727 (Tex. App.—Austin 2004). Mandamus should issue because the Court of Criminal Appeals has already decided that "mandamus will issue to compel a court to vacate a judgment or decree which it was entirely without jurisdiction to make where there is no adequate remedy by appeal, or error, or otherwise." State ex rel. Millsap v. Lozano, 692 S.W.2d 470 (Tex.Crim. App. 1985). Relator has demonstrated that the act sought to be compelled — the vacation of a void judgment — is purely ministerial

and relator has no other adequate legal remedy. The mandate is an "order"—an act of the respondent's that was void when issued because the mandate derived from a void judgment. Respondent has a ministerial duty to vacate the void order—mandate—that it entered. Both the respondent and the Court of Criminal Appeals of Texas have agreed, "order entered without jurisdiction is void, and writ of mandamus may issue to compell its vacation." State ex relator Holmes v. Hon. Ct. of App. 3rd Dist., 885 S.W.2d 389 (Tex. Crim. App. 1994). The mandate in this case is an "order," thus a void one. "Writ of mandamus will issue to nullify a void order." State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App. 1990); "The Court of Criminal Appeals will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194 (Tex. Crim. App. 2003). Relator claims that this supporting argument clearly demonstrates entitlement to requested relief and desired relief, below. "A judge who enters a void order has a ministerial duty to vacate the order." State ex rel. Thomas v. Banner, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proc.); "Therefore mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction." Id. On direct appeal, it was the "prosecutorial reasoning and legal strategy of the case" that was appealed and not the actual third degree felony conviction that is reflected in the trial court's judgment and sentence — which derived from the JUDGMENT ON JURY VERDICT OF GUILTY — from the trial court, during the guilt/

innocence phase of trial. This explains why the appellate court's decision accurately reflects the "prosecutorial reasoning and legal strategy of the case".

Relator reiterates that this is the source of the void judgment at issue: "Judgment entered on May 13, 2004, in Causeno. 03-03-00017-CR is void because respondent rendered a judgment and did not have jurisdiction over the subject matter concerning state jail felonies, that is, the respondent did not have power to hear and determine a state jail felony, did not have power to hear and determine a case of the state jail felony class to which this particular judgment belongs."

Relator further asserts that "prosecutorial reasoning and legal strategy of the case" did not confer subject matter jurisdiction on the appellate court —on respondent, over state jail felonies and that as a consequence, relator's third degree felony conviction was wrongly affirmed on direct appeal by respondent's void judgment. Afterwards, respondent issued a void order—the mandate, which derived, or breathed life, or spawned from the void judgment wrongly entered in this case. This Court should find that relator is entitled to requested and desired mandamus relief.

IV.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

IV.

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, relator prays the Court grant this application and issue a writ of mandamus directing Third Court of Appeals of Texas, respondent, to vacate the void judgment and void order (mandate) it entered on May 13, 2004 in cause no. 03-03-00017-CR. Relator desires to appeal the third degree felony he was convicted of. The relator's sole point on new appeal is that the evidence is legally insufficient to uphold a third degree felony conviction under p.c. 38.04 for 3rd Degree Felony Evading Arrest with a Motor Vehicle, arguing that "the evidence is not legally sufficient to convict relator of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at guilt-innocence phase of his trial, citing CALTON v. STATE, 176 S.W.3d 231 (Tex.Crim.App.2005); Jackson v. Virginia, 443 U.S.307, 99 S.Ct.2781, 61 L.Ed.2d 560 (1979).

I swear under oath the facts and allegations in this application for writ of mandamus are true, correct and not misleading. X Charles Bunton, relator.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for writ of mandamus was served on respondent: Texas Court of Appeals, Third District at Austin, by placing a copy in the U.S. Mail addressed to: Third Court of Appeals Clerk, P.O. Box 12547, Austin, Texas 78711-2547 on this 21st Day of October 2015. X Charles Bunton

RELATOR

COPY #11 — 5 of 5

From: Charles Bunton
Allred Unit, TDCJ#1143771
2101 FM 369 North
Iowa Park, TX 76367

Date: October 21, 2015

To: Clerk,
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Dear Clerk:

Enclosed for filing is the Original and 11 Copies of the Motion for leave to file (Tex. R. App. P. 72.1) and application for Writ of Mandamus.

Thank you for your Kind assistance.

Sincerely,
Charles Bunton
applicant/relator

cc:
Third Court of Appeals, Clerk
P.O. Box 12547
Austin, Texas 78711-2547